IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUFINO A. VILLARREAL,<br><br>          Plaintiff,<br><br>vs.<br><br>GMAC MORTGAGE and<br>XUAN TRAN VILLARREAL,<br><br>          Defendants. | 8:06cv337<br><br>ORDER on INITIAL REVIEW<br>and<br>ORDER to SHOW CAUSE |

      This matter is before the court for initial review of the complaint filed by the plaintiff, Rufino A. Villarreal, who is pro se in this litigation. In filing no. 3, the plaintiff has moved to proceed in forma pauperis ("IFP"). As the plaintiff qualifies financially to proceed IFP, filing no. 3 is granted. However, because he is proceeding IFP, the plaintiff subjects his complaint to initial review under 28 U.S.C. § 1915(e)(2).

      The plaintiff, a citizen of Nebraska, seeks to enjoin his former spouse, defendant-Xuan Tran Villarreal, also a citizen of Nebraska, from engaging in any transactions with co-defendant-GMAC Mortgage Company regarding the "family home," pending the outcome of two appeals filed by the plaintiff in the Nebraska appellate courts. A Nebraska district court has awarded the family home to Xuan Tran Villarreal in a divorce action, and the plaintiff wishes to enjoin Ms. Villarreal from encumbering or disposing of the property until his appeals regarding division of the marital property have been resolved.

      The plaintiff does not specify the jurisdictional basis of this action. Fed. R. Civ. P. 12(h)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Although the plaintiff's claim may perhaps be brought in a state court, I question whether a federal district court has subject matter jurisdiction to hear the plaintiff's complaint. Subject matter jurisdiction is a serious concern in the United States courts because the federal district courts are courts of "limited jurisdiction," unlike the state district courts, which are courts of "general jurisdiction."

1

**Order to Show Cause**

<u>Civil Rights</u>

28 U.S.C. § 1343 grants the federal district courts original jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3) is the jurisdictional counterpart to 42 U.S.C. § 1983, which provides a remedy for certain deprivations of a claimant's civil rights. To state a claim for relief in an action brought under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under "color of state law," that is, by a "state actor." Purely private individuals and entities who commit torts, i.e., civil wrongs, against other private parties are generally not acting under color of state law when they commit those acts. In negotiating the potential disposition of the private property in question, neither defendant is acting under color of state law, within the meaning of 42 U.S.C. § 1983. Therefore, jurisdiction in this case cannot be founded on 28 U.S.C. § 1343 and the federal civil rights laws.

<u>Diversity of Citizenship</u>

The complaint could be construed as intended to base subject matter jurisdiction on 28 U.S.C. § 1332 (diversity of citizenship). However, for a federal district court to have jurisdiction of a civil action based on diversity of citizenship under 28 U.S.C. § 1332, the following requirements must be satisfied: The controversy must be between (a) citizens of different states; or (b) citizens of a state and citizens or subjects of a foreign state; or (c) citizens of different states and in which citizens or subjects of a foreign state are additional parties. Also, the matter in controversy must exceed $75,000. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means "complete diversity," i.e., that "the citizenship of each plaintiff is different from the citizenship of each defendant." <u>Ryan v. Schneider National Carriers, Inc.</u>, 263 F.3d 816, 819 (8th Cir. 2001). In this case, however, the plaintiff and defendant-Xuan Tran Villarreal are both citizens of Nebraska, and thus, the case lacks complete diversity of citizenship.

Federal Question

For a federal court to have jurisdiction under the federal question jurisdictional statute, 28 U.S.C. § 1331, the plaintiff must assert a substantial federal claim. The complaint does not state a basis for subject matter jurisdiction under 28 U.S.C. § 1331. The plaintiff may have a cause of action under state law, but the complaint does not state a claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331. The issues simply relate to division of marital property in an action for dissolution of marriage. Furthermore, the very same issues are presently pending in the Nebraska appellate courts.

THEREFORE IT IS ORDERED:

1. That filing no. 3, the plaintiff's Motion to proceed in forma pauperis, is granted;

2. That, as a basis for subject matter jurisdiction in federal court is not readily apparent from the record, the plaintiff shall have until May 26, 2006, to show cause why this case should not be dismissed without prejudice for lack of subject matter jurisdiction;

3. That in the absence of a timely and sufficient demonstration of cause, this action will be subject to dismissal for the reasons stated in this Memorandum and Order.

May 9, 2006.                                  BY THE COURT:

                                                               s/ *Richard G. Kopf*
                                                               United States District Judge