IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUFINO A. VILLARREAL, | ) | |
| | ) | 8:06cv337 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | |
| | ) | |
| GMAC MORTGAGE and | ) | |
| XUAN TRAN VILLARREAL, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 10, the Motion to Dismiss With Prejudice filed by defendant-GMAC Mortgage Corporation ("GMAC"). Also before the court is filing no. 7, in which the court directed the plaintiff, Rufino A. Villarreal, to show cause why this case should not be dismissed, without prejudice, for lack of subject matter jurisdiction.

The plaintiff, a citizen of Nebraska, seeks to enjoin his former spouse, defendant-Xuan Tran Villarreal, also a citizen of Nebraska, from engaging in any transactions with GMAC regarding the "family home," pending the outcome of two appeals filed by the plaintiff in the Nebraska appellate courts. A Nebraska district court has awarded the family home to Ms. Villarreal in a divorce action, and the plaintiff wishes to enjoin her from encumbering or disposing of the property until his appeals regarding division of the marital property have been resolved.

Fed. R. Civ. P. 12(h)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." No jurisdictional basis in federal court for this action is apparent, and the plaintiff has failed to demonstrate any. Therefore, this action will be dismissed. In the absence of subject matter jurisdiction, however, the court cannot adjudicate the merits, or lack thereof, of the plaintiff's claims. Therefore, the court cannot grant GMAC's request that the dismissal of the case be **with** prejudice.

1

THEREFORE IT IS ORDERED:

1. That the plaintiff's complaint and this action is dismissed without prejudice for lack of subject matter jurisdiction in the federal courts;

2. That filing no. 10, the Motion to Dismiss With Prejudice filed by defendant-GMAC, is granted in part and denied in part in that the above-entitled case is dismissed, but without prejudice; and

3. That judgment will be entered accordingly.

June 20, 2006.                               BY THE COURT:

                                             s/ *Richard G. Kopf*
                                             United States District Judge